UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 18, 2011
```

ROBERT ROMERO,                         :

               Petitioner,           :           08 Civ. 7791 (PAC) (FM)

    -against-                          :           <u>ORDER ADOPTING R&R</u>

                                  :

DAVID A. ROCK,                         :

               Respondent.          :

------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      *Pro se* petitioner Robert Romero ("Romero" or "Petitioner") seeks habeas relief following his conviction in Supreme Court, New York County, on two counts of murder in the second degree. Romero advances four claims for habeas relief: (1) his due process right to a fair trial was violated by the trial court's improper admission of uncharged crimes as evidence and improper remarks made by the prosecution in summation; (2) the trial court improperly imposed consecutive sentences for crimes that constituted part of the same criminal transaction; (3) his second trial, after his first trial resulted in a hung jury and mistrial, violated his rights under the Constitution's double jeopardy clause; and (4) the use of a bible during the swearing in of trial witnesses infringed his rights under the establishment clause of the First Amendment. (Petition ¶ 13.)

      Romero filed his petition on September 5, 2008. This Court referred the case to Magistrate Judge Frank Maas on September 16, 2008. On February 2, 2010, Magistrate Judge Maas issued a Report & Recommendation ("R&R") that the Court deny the Petition and find that Romero has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2) and thus not issue a certificate of appeal. After receiving several extensions, Romero filed objections to

1

the R&R on April 19, 2010, attacking the completeness of the record and claiming that the District Attorney attempted to defraud the Court.  Rarely does he address Magistrate Judge Maas's R&R. The legal memo deals with giving *pro se* litigants a break, which is not the standard used when considering a habeas petition.  The Court has reviewed the R&R and Romero's objections.  For the reasons that follow, the Court adopts Magistrate Judge Maas's Report and Recommendation in its entirety. Romero's petition is, therefore, DENIED.

## BACKGROUND[1]

### I. Facts

On November 1, 1990, Romero shot and killed Etienne Adorno and DeMetrio Flores for threatening to steal drugs and/or money from Romero and his brothers, who ran a drug distribution business on First Avenue between 117th and 118th Streets in Manhattan.  After threatening Maria Martinez, his girlfriend who was a witness to the shootings, Romero evaded arrest until 1999 when an associate of the victims agreed to cooperate and testify against two of the shooters.  On December 16, 1999, Romero and his brothers were each charged with two counts of intentional murder in the second degree. At trial, four eyewitnesses, including Martinez, an associate of the defendants who was present at the shooting, as well as two employees of the Romero brothers, testified about Romero's role in the shootings.

### II. Procedural History

<u>A. The Trials</u>

On April 16, 2001, Romero was tried in Supreme Court, New York County before Justice Edwin Torres and a jury.  The jurors were unable to reach a unanimous verdict, however, and on May 16, 2001 a mistrial was declared.  On January 2, 2002, Romero's retrial commenced before Justice

---

[1] Facts are taken from the R&R and the parties' submissions.

Leslie Crocker Snyder and a jury.  On February 6, 2002, Romero was convicted as charged.  On March 12, 2002, Romero was sentenced to consecutive sentences of twenty-five years to life on each count.

B. Subsequent Procedural History

*1. First Motion to Vacate Conviction*

On December 30, 2003, after filing a notice of appeal with the Appellate Division, First Department, but before the appeal had been perfected, Romero filed a *pro se* motion to vacate his conviction under New York Criminal Procedure Law § 440.10 ("CPL 440.10").  Romero contended that Justice Torres had improperly declared a mistrial at the end of the first trial, and that Justice Snyder had made several erroneous evidentiary rulings — specifically, that she admitted evidence of Romero's abusive relationship with Martinez, involvement with the drug trade, and nickname, "Crazy Rob."  On May 12, 2004, Justice Robert H. Straus denied Romero's motion because each of the issues was record-based and therefore could be raised as part of his direct appeal.  Justice Straus further concluded that Romero's claims were meritless, finding that Justice Torres properly concluded there was "no reasonable possibility the jurors could agree on a verdict," and that Justice Snyder had properly admitted the evidence in question as background evidence to explain the relationships among the witnesses, the defendants, and the victims, as well as explain why Martinez had failed to come forward as a witness for so long after the shooting. Romero sought leave to appeal Justice Straus's decision, but the Appellate Division denied his application.

*2. Direct Appeal to the Appellate Division, First Department*

On March 21, 2002, Romero's counsel filed a notice of appeal with the Appellate Division, First Department.  In September 2004, Romero's counsel perfected his direct appeal by filing a brief.  In his brief, Romero claimed that his Fifth and Fourteenth Amendment due process rights were violated by (1) prejudicial statements made by the prosecution in its closing argument, (2) repeated references to him using the nickname "Crazy Rob," and (3) the trial court's admission of evidence of

3

prior crimes, including domestic violence against Martinez.  In addition, Romero claimed that the prosecution's case was against the weight of the evidence and that the trial court failed to have a witness's prior inconsistent statement read back in response to a jury note.  Romero also submitted a *pro se* brief in which he claimed that that the trial court had violated the double jeopardy clause and that under New York law the two homicides comprised a single act for which consecutive sentences should not be imposed.

On October 11, 2005, the Appellate Division unanimously affirmed Romero's conviction. People v. Romero, 804 N.Y.S.2d 8 (N.Y. App. Div. 1st Dep't 2005).  The court found that the challenges to the prosecution's summation were "largely unpreserved." Id. at 9.  Nonetheless, the court reviewed the unpreserved claims on the merits, finding that the summation was a fair response to the evidence and defendant's arguments, and that Justice Snyder's instructions to the jury "effectively prevented any prejudice." Id.  The court stated that it had considered and rejected each of the defendant's other claims, including those in Romero's *pro se* brief. Id. at 9-10.

*3. Appeal to the New York Court of Appeals*

The New York Court of Appeals initially denied Romero's leave for appeal on December 29, 2005, but reversed that ruling on March 29, 2006 when Romero moved for reconsideration after his co-defendant had been granted leave to appeal.  Romero submitted briefs twice, after an initial brief by appellate counsel was of "extremely poor quality" and Romero was appointed new counsel. Romero's second counsel's letter-brief dated November 21, 2006 stated that he relied on the briefs submitted to the Appellate Division, and noted that Romero was abandoning the weight-of-the-evidence claim. Counsel indicated that the only question presented to the Court of Appeals was "whether the prosecution engaged in misconduct through comments, arguments and analogies brought up by it during its summation."

On December 19, 2006, the Court of Appeals affirmed Romero's conviction, concluding that most of Romero's claims regarding the prosecution's summation were unpreserved. People v. Romero, 7

4

N.Y.3d 911, 912 (2006).  With respect to each of the individual claims of misconduct in the summation, the court concluded that the comments were not improper, and that, in any event, Justice Snyder's instructions to the jury were curative. Id. at 912-13.

*4. Petition for Writ of Error Coram Nobis*

On February 28, 2006, Romero filed a *pro se* application for a writ of error coram nobis in the Appellate Division, claiming that his appellate counsel was ineffective because he had failed to challenge Romero's consecutive sentences. The Appellate Division summarily denied the application.

*5. Second and Third Motions to Vacate Conviction*

On May 24, 2007, Romero again sought to set aside his conviction pursuant to CPL 440.10.  This motion reiterated claims included in his first CPL 440.10 motion and included the claim that his trial counsel was ineffective for failing to object to the court's evidentiary rulings and, for the first time, the claim that the swearing of witnesses using a bible violated his rights under the Establishment Clause of the First Amendment.  On September 21, 2007, Justice Straus denied the motion, finding that the evidentiary claims were procedurally barred because they were record-based but had not been raised before the Court of Appeals (and further, had been rejected by the court when raised in Romero's first 440.10 motion).  Justice Straus also held that Romero's ineffective assistance of counsel claim was meritless, because his counsel had in fact "strenuously objected to the contested rulings."  Finally, Justice Straus determined that Romero's claim regarding the swearing in of witnesses was both procedurally barred and meritless.  The Appellate Division denied Romero's request for leave to appeal that decision.

Romero filed a third motion to vacate his conviction, this time under New York Criminal Procedure Law § 440.20.  In this motion, Romero objected to the imposition of consecutive sentences for what he considers part of a single criminal act.  On December 20, 2007, Justice Straus again denied

5

his motion "because the shooting of each of the two victims involved a separate and distinct act." The Appellate Division again denied Romero's application for leave to appeal.

C. Petition for Writ of Habeas Corpus

Romero filed this Petition on September 5, 2008, stating four claims for habeas relief: (1) violation of his due process right to a fair trial was violated by the trial court's improper admission of prior bad acts as evidence and improper remarks made by the prosecution in summation; (2) improper consecutive sentences imposed for crimes that constituted part of the same criminal transaction; (3) violation of his rights under the double jeopardy clause after his first trial resulted in a hung jury and mistrial; and (4) infringement of his rights under the First Amendment's establishment clause by using the bible to administer the oath to trial witnesses.

**III. Magistrate Judge Maas's R&R**

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In addition, 28 U.S.C. § 2254(e)(1) states that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

On February 2, 2010, Magistrate Judge Maas issued his Report and Recommendation that this Court deny Romero's Petition. Additionally, Magistrate Judge Maas also found that Romero has failed

to make a substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2); and therefore, recommends that a certificate of appeal not be issued. Magistrate Judge Maas addressed each of Romero's claims, both procedurally and on the merits. Notwithstanding the fact that a number of Romero's claims are procedurally barred, Magistrate Judge Maas went the extra step and considered all of Romero's claims on the merits. He found each of them to be without merit. The Court agrees.

A. Evidentiary Claims

Magistrate Judge Maas found that Romero's evidentiary claims are procedurally barred by failure to exhaust all available state court remedies. (R&R 16-20 (citing 28 U.S.C. § 2254(b)(1)(A)-(B)).) Specifically, Magistrate Judge Maas found that Romero had failed to assert all claims, except prosecutorial misconduct, in his appeal to the New York Court of Appeals. (Id. 17-18.) Magistrate Judge Maas noted that although Romero did raise certain issues in his various motions to set aside his conviction, these motions were denied because the claims were record-based, and thus should have been included in his direct appeal. (Id.) Further, since each of Romero's motions to set aside his conviction were considered and rejected by the state courts, Magistrate Judge Maas determined that staying the petition or dismissing it without prejudice would be futile. (Id. 18.) Magistrate Judge Maas also noted that a procedural default of this nature qualifies as an adequate and independent state ground, which a federal court is precluded from reviewing in a habeas petition, (Id. 19 (citing Harris v. Reed, 489 U.S. 255, 262 (1989))), and that Romero has failed to demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice." (Id. 19 (citing, *inter alia*, Coleman v. Thompson, 501 U.S. 722, 750 (1991)).)

After determining that Romero's evidentiary claims were procedurally barred, Magistrate Judge Maas nonetheless considered the claims on the merits, finding that none of the claims warrant habeas relief. Specifically, Magistrate Judge Maas agreed with the state courts' various determinations that

evidence of Romero's prior involvement with narcotics, abuse of Martinez, and nickname "Crazy Rob" were properly admitted as relevant to issues other than criminal propensity. (Id. 23-24, 28-29.) Specifically, Magistrate Judge Maas noted that the purpose of such evidence was to explain the circumstances of and motive for the shootings, as well as explain why Martinez had delayed coming forward as a witness for many years. (Id. 24-25.)  In addition, Magistrate Judge Maas found that Justice Snyder's limiting instructions to the jury cured any possible prejudicial effect. (Id. at 25-27.)   Lastly, Magistrate Judge Maas noted that the Supreme Court "has yet to establish clearly 'when the admission of prior crimes under state evidentiary laws can constitute a federal due process violation,'" and that, therefore, Justice Snyder's decision to admit the evidence cannot be said to be "contrary to" or an "unreasonable application of" clearly-established federal law.  (Id. 27-28 (citing Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).)

  Magistrate Judge Maas then considered Romero's prosecutorial misconduct claim, finding that Romero "has not shown as he must that the state court's rejection of his prosecutorial misconduct claim was contrary to, or constituted an unreasonable application of, clearly established federal law." (Id. 29.) Magistrate Judge Maas found each comment to have a proper purpose and further found that Romero failed to show any actual prejudice he could have conceivably suffered as a result of any or all of the comments. (Id. 30-39.)  Further, in response to the portions of the summation to which the defense objected, Magistrate Judge Maas found that Justice Snyder gave appropriate limiting instructions to the jury as to the scope of each statement's proper use in their determination of the case. (Id. 33, 36, 38.)

B. Use of Bible to Swear Witnesses

  Magistrate Judge Maas also determined that Romero's Establishment Clause claim lacks merit because "the United States Supreme Court has never held that the Establishment Clause prohibits a witness in a court of law from swearing to the truth of his testimony with his hand on a bible." (Id. 39.)

Magistrate Judge Maas also found that, even if there was a constitutional violation, "it is the witness whose rights would be infringed, not the defendant in whose case the witness was called." (Id. 39.)

C. Double Jeopardy Claim

Magistrate Judge Maas found that Romero's asserted violation of the double jeopardy clause referred to either the imposition of consecutive sentences or to Justice Torres's finding of a mistrial in his first trial, subjecting Romero to a second trial. Magistrate Judge Maas analyzed each claim and found neither to have merit. (Id. 40-43.) As to the imposition of consecutive sentences, Magistrate Judge Maas determined that under New York law the intentional killing of two people caused by different gunshots, even if they occur as part of a single criminal event, are properly considered separate criminal acts. (Id. 41 (citing People v. Braithwaite, 63 N.Y.2d 839, 842-43 (1984)).) As to Romero's second trial, Magistrate Judge Maas found that the double jeopardy clause does not proscribe a second attempt to convict a defendant when a jury is unable to reach a decision in a previous trial. (Id. 42-43. (citing Richardson v. United States, 468 U.S. 317, 326 (1984)).) Magistrate Judge Maas also found that any claim by Romero that the use of evidence of uncharged crimes constituted a double jeopardy violation is "clearly frivolous." (Id. 43.)

**DISCUSSION**

**I. Standard of Review**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues *de novo*. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y 2000).

**II. Romero's Objections**

After various extensions were granted, Romero timely filed objections on April 19, 2010. Romero mainly objects to the completeness of the record that Magistrate Judge Maas reviewed. (Obj. at 2, 4, 6-7, 8-9, 10, 15.)  Romero attached several hundred pages of exhibits to his objections documenting various correspondence and filings made in each of his state court appeals which he claims are necessary to the determination of whether he exhausted all available state court remedies.[2] (Obj. Ex. A-F.)  None of Romero's objections and attached exhibits contradict any of the findings in Magistrate Judge Maas's R&R.

As to Romero's claim that he did in fact exhaust available state court remedies, only those issues that were raised in his appeal to the highest court of the state may be considered fully exhausted. Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001).  Although Romero includes an extensive inventory of all letters, briefs, and filings he has collected over the years, none of these documents dispute the fact that Romero's appeal to the New York Court of Appeals only included his claim of prosecutorial misconduct.  The claims included in his various motions to vacate his conviction were all record-based, and therefore only procedurally permitted to be considered in his direct appeals, as the state courts concluded in denying these motions and leave to appeal in each instance.  This Court agrees with both Magistrate Judge Maas's conclusion that Romero's evidentiary claims were procedurally defaulted, as well as with Magistrate Judge Maas's conclusions reached on the merits of each of these claims.

Romero also objects to the R&R on the basis that he was denied an opportunity to present his arguments and evidence at an evidentiary hearing. (Obj. at 7, 12, 15, 16.)  There is no need for any hearing — Romero fails to provide any indication of missing evidence that was necessary to Magistrate Judge Maas's determination of his Petition.  The documentary history of his criminal prosecution and subsequent procedural motions, as well as his various briefs and filings in this Court and in the state

---

[2] Whether Romero exhausted his state court remedies or not is irrelevant in light of Magistrate Judge Maas's R&R. Magistrate Judge Maas considered, and rejected, all of Romero's claims on the merits. See Background.III, supra.

courts are complete. Romero fails to demonstrate what materials outside the extensive documentary history would be would be pertinent to the determination of this petition.  Additionally, Romero makes but one lone assertion of his innocence, citing to Exhibit A to his objections as proof of this claim. (Obj. at 2.)  Exhibit A includes two letters to Romero from his brother, which are insufficient to establish the necessity for an evidentiary hearing on these issues. In addition, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Cullen v. Pinholster, No. 09-1088, --- S.Ct. ----, 2011 WL 1225705, at *10 (April 4, 2011). Romero has not done so.

Romero also points out a clerical error in the District Attorney's appendix attached to their opposition memo, claiming that the District Attorney attempted to defraud the Court.  (Obj. 14.) Romero is correct that several pages in the appendix appear to be from a separate matter. (App. Ex. Q, at 1-8.)  Exhibit Q claims to be a copy of the People's response to Romero's second appellate brief to the Court of Appeals.  Although the first page does contain the correct case name, there is no indictment number, no date, and the facts outlined are clearly not related to this case.  On the ninth page of this Exhibit, the argument pertinent to Romero's case begins begin, in different font.  Romero asserts that these pages establish that the District Attorney "knowingly or willfully falsified, concealed, covered up by trick or scheme, device, material facts; making materially false, fictitious, fraudulent statement or representation of facts, made use of false writing or documents knowing the same contains materially false, fictitious, fraudulent statement of entry." (Obj. 14.)  There is no indication, however, that this error was done knowingly or maliciously, or that the Petitioner was in any way prejudiced by this inadvertent insertion into the documents.

The Court has considered Romero's additional objections and finds them to be without merit. Having considered Magistrate Judge Maas's R&R and the accompanying objections, Romero's habeas petition is DENIED.

11

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Maas's R&R in its entirety. The Court DENIES Romero's habeas petition. A certificate of appealability is unwarranted because Romero has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Accordingly, the Clerk of Court is directed to enter judgment and close this matter.

Dated: April 18, 2011
      New York, New York

                                       SO ORDERED

                                       PAUL A. CROTTY
                                       United States District Judge

Copies to:

Robert Romero
02-A-1778
Green Haven Correctional Facility
P.O. Box 4000
594 State Route 216
Stormville, NY 12582

Susan Holly Gliner, Esq.
Assistant District Attorney
Office of the New York County District Attorney
Fax: (212) 335-9288